JEROLD D. FRIEDMAN (SBN 290434)
        jerry@lawofficejdf.com
LAW OFFICE OF JEROLD D. FRIEDMAN
19744 Beach Blvd. #390
Huntington Beach, CA 92648
(213) 536-1244

Attorney for Plaintiffs
SHAOJIONG SHEN and CZ, a minor

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CZ, a minor, by and with her parent SHAOJIONG SHEN, <br><br> Plaintiffs, <br><br> v. <br><br> IRVINE VALLEY COLLEGE FOUNDATION, <br><br> Defendant. | Case No.:  8:21-cv-1617 <br><br> **COMPLAINT** <br><br> **Americans with Disabilities Act** <br><br> **Section 504 of the Rehabilitation Act** <br><br> **Substantive Due Process / 14th Am.** |

　　　Plaintiff CZ, by and through her parent SHAOJIONG SHEN ("Parent"), hereby bring this Complaint against Defendant IRVINE VALLEY COLLEGE FOUNDATION, and allege and aver as follows:

//

//

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for violation of 42 U.S.C. § 12101, et seq. (Americans with Disabilities Act or "ADA") and 29 U.S.C. § 794 (Section 504 of the Rehabilitation Act or "RA"). Federal question jurisdiction arises pursuant to the ADA, RA, and the U.S. Constitution.

2.      The Central District of California is the appropriate venue because the events and conduct complained of herein all occurred in the Central District.

3.      Plaintiff exhausted her administrative remedies.

**PARTIES**

4.      Plaintiff **Shaojiong Shen** is a resident of Orange County, California. She is the mother and has sole physical custody of CZ and sues on CZ's behalf.

5.      Plaintiff **CZ** is a minor and resident of Orange County, California. As a minor, she is identified by her initials only.

6.      Defendant **Irvine Valley College Foundation** ("IVCF") is a corporation with its headquarters and principal place of business in the State of California. IVCF owns and operates Irvine Valley College ("IVC"), an institution of higher education. IVCF and/or IVC received funding from the State of California and the federal government for its educational programs and services. It can be served with process at 28000 Marguerite Parkway, Mission Viejo, CA 92692.

**FACTUAL ALLEGATIONS**

7.   CZ

    a.  Is age 17.

    b.  Was born with four eye disabilities: amblyopia, myopia, astigmatism, and nystagmus.

    c.  Her eye disabilities are congenital, persist until the present day, and are certain to persist for her entire life.

    d.  Her eye disabilities are a major impediment in life compared to the average person.

    e.  Her symptoms include but are not limited to (i) The inability to clearly focus on objects, people, or text, if they are not close to her face; (ii) The need to be very close to an object, person or text in order to see it clearly enough to distinguish what it is; (iii) A reaction to strong light, such as sunlight and overhead or computer screen light, which can completely block out all vision; (iv) The inability to focus on things quickly. She must focus on one thing at a time before she can get it into focus clearly enough to see it and distinguish what it is; and (v) Color weakness, in most cases, she cannot not distinguish colors or shades of color.

8.   CZ

    a.  Is a senior (12th grade) at Portola High School in Irvine, California.

    b.  Has an individualized education program ("IEP") on file with Portola High School to accommodate her eye disabilities.

c. Has had an IEP continuously since the 1st grade. Each school she's attended has accepted the IEP.

d. The IEP states that her Primary impairment is visual: "[CZ] has difficulty seeing/viewing material and this can impact her access, fatigue, and time in completing tasks." Her accommodations include "Test questions enlarged through electronic means."

e. The IEP is necessary for her to progress in life and obtain an equal opportunity for education as compared to minors who do not have CZ's eye disabilities.

f. Has benefited from the IEP. It is scholastically and medically certain that CZ would be severely behind in education compared to other kids of her age but for the IEP.

9.   CZ

a. Is a K-12 Special Enrollment student that allows her to take college classes due to her being an exceptional high school student.

b. Has informed IVC of her disability by giving it her IEP upon her first enrolled class on or about 2018 when she was age 14.

c. Has taken and passed several college classes with high marks at IVC.

d. Has had her eye disabilities accommodated in the other classes.

e. Had never been instructed by IVCF, IVC, or any school official that she was required to inform an instructor of her eye disabilities.

10. CZ, during the Summer 2020 term,

    a. Enrolled in a Biology 3 science class at IVC that was taught by Instructor Jefferey Kaufmann.

    b. Took the Biology 3 science class online.

    c. Was able to complete all assignments prior to the final exam by accommodating herself such as by controlling the ambient light, font size, and her distance to the computer screen.

11. IVCF or IVC

    a. Purchased anti-cheating software called Proctorio ("Software") for its students to use for online test taking. The Software enables the instructor or a proctor to view the student taking the exam through the student's computer's camera.

    b. Selected the Software despite its inability to accommodate the disabilities of students with visual impairments such as CZ.

12. CZ, on or about August 8, 2020,

    a. Was required to use the Software for the final exam.

    b. Took the class's online final exam, which was composed of eighty (80) questions that was to be answered within eighty (80) minutes.

    c. Was not provided any accommodation for her final exam including the IEP's required enlarged test questions.

d. After an estimated eighteen (18) minutes of the final exam starting, could no longer read or understand the test questions due to her eye disabilities.

e. Accommodated her eye disabilities by moving her face close to her computer screen.

f. Was promptly kicked out of the exam.

g. Was not able to answer any further exam questions.

h. Upon information and belief, was kicked out due to the instructor or proctor seeing her through her computer's camera and seeing her move her face close to the screen.

i. Immediately e-mailed Kaufmann at his college e-mail address given on the class syllabus.

j. Explained that she was kicked out of the exam because, she believed, she moved her face close to the screen due to her eye disabilities.

k. Requested to be allowed to complete or re-take the exam.

13. CZ

a. Did not receive any response from Kaufmann.

b. E-mailed Kaufmann a second time on August 8, then again on Aug. 9, and Aug. 10. Kaufmann did not respond to any e-mail.

14. CZ, on or about September 3, 2020,

a. Learned that she failed Biology 3.

b. E-mailed Kaufmann, who did not respond.

    c.  Contacted IVC's Disabled Students Programs & Services Office

      ("DSPS").

15.   DSPS, on or about September 3, 2020,

    a.  Requested a second copy of the IEP, which CZ furnished.

    b.  Requested that CZ set an "intake meeting" with DSPS, which CZ did.

    c.  Failed to inform CZ of the formal grade grievance definitions,

      policies, procedures, or deadlines.

16.   DSPS, on or about September 16, 2020,

    a.  Advised CZ to resolve the matter with Kaufmann, the Biology

      Department Chairperson.

    b.  Advised CZ to resolve the matter with Lianna Zhao, the Dean of the

      Math, Science, and Engineering Departments, because Kaufmann

      failed to respond to CZ's earlier contacts.

17.   CZ, on or about September 16, 2020, e-mailed Dean Zhao regarding her

disability and failed grade.

18.   Kaufmann, on September 17, 2020,

    a.  Informed CZ that he did not monitor his official college e-mail

      address, so he did not receive any of CZ's e-mail communications.

    b.  Did not address her disability nor her failing grade.

19.   CZ, on or about September 25, 2020, contacted Instructor Bradley, the

Biology Department Co-Chair.

20.    Bradley, on or about September 29, 2020, informed CZ that her grade would not be adjusted because she failed to ask Kaufmann directly for an accommodation.

21.    CZ, on or about October 6, 2020,

    a.  Was falsely informed by DSPS that she received a failing grade due to her exceeding the eighty minutes allowed to take the exam.

    b.  Had not been informed of the official basis for her failing grade until DSPS officially informed her.

    c.  Was not previously informed by IVCF, IVC, nor any IVC official or instructor of grade grievance definitions, policies, procedures, or deadlines.

22.    CZ, on or about October 31, 2020,

    a.  Filed a formal grade grievance with Dean Zhao, which was within forty-five (45) days of being informed of the unofficial (per Bradley) and official (per DSPS) reasons for the failing grade.

    b.  Was advised by Dean Zhao that her grade grievance was rejected because she failed to file the formal grade grievance within forty-five (45) days of learning of her grade on September 3, 2020.

23.    IVCF and IVC

    a.  Permit the course instructor to determine a student's final grade "in the absence of mistake, fraud, bad faith, or incompetency." *See* Cal. Education Code § 76224(a).

b. Define "Bad Faith" as "An intent to deceive or to act in a manner contrary to law and/or a grade assigned because of a student's protected characteristics contrary to Education Code and Title 5, California Code of Regulations. If, pursuant to the discrimination and harassment complaint procedure it is determined that a grade was the results of discrimination or harassment the grade may be changed as a remedy for the discrimination or harassment." *See* South Orange County Community College District Administrative Regulation 5505.

c. Do not define what a "grade grievance" means nor the date when such a grievance accrues.

d. Requires a grade grievance form to be filed within forty-five (45) days of the student learning of their grade even if a grade grievance is not discovered on a later date including after the forty-five-day deadline.

e. Permit the ongoing and unremedied violation of federal and state anti-discrimination laws if the forty-five-day grievance filing deadline is exceeded.

24. CZ

a. In October 2021, will be applying for admission to college.

b. Will be adversely affected by the failing grade for Biology 3.

c. Risks not being admitted to one, several, or all colleges that she applies to if the failing grade remains on her transcript.

d.  Risks having her entire future permanently damaged because IVC failed to accommodate her eye disabilities.

**FIRST CAUSE OF ACTION**
**VIOLATION OF CZ'S RIGHT TO BE FREE FROM DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT**

25.  Plaintiffs allege that

a.  Because of CZ's disabilities, she was denied access to and the benefit of being educated at IVC, particularly the Biology 3 class taught by Kaufmann, in a least restrictive manner and on par with other students generally, enrolled at IVC, and taking the same class.

b.  IVC's failure and refusal to reasonably accommodate her eye disabilities deprived her of the opportunity to be educated and assessed with her peers on an equal and nondiscriminatory basis.

c.  IVC's failure and refusal to reasonably accommodate her eye disabilities was the sole reason why CZ received a failing grade for Biology 3.

d.  The failing grade falsely and wrongfully depicts CZ as being exposed to Biology 3 material and unable to comprehend the material or perform as a student who, given reasonable accommodations, would have passed the class.

e.  In so doing IVCF denied CZ her right to be free from discrimination on the basis of her eye disabilities, excluded her from fair and equal participation in higher education, and discriminated against her by

reason of her disabilities in violation of the Americans with

Disabilities Act, 42 U.S.C. § 12101, et seq.

## SECOND CAUSE OF ACTION
### VIOLATION OF CZ's RIGHT TO BE FREE FROM DISCRIMINATION UNDER SECTION 504 OF THE REHABILITATION ACT

26.   Plaintiffs allege that

a.   IVCF violated CZ's right to be free from discrimination on the basis of her disabilities.

b.   IVCF violated CZ's right not to be treated differently in said education with her peers because if it were not for her disabilities, CZ would not have (i) an IEP, (ii) had to move her face close to her computer screen during the online final exam, (iii) been locked out of taking the final exam after eighteen minutes, (iv) received a failing grade as a consequence of being locked out, (v) been stonewalled by Kaufmann and other members of IVC administration in her efforts to resolve the matter, (vi) had her grade appeal denied for want of timeliness, and (vii) been falsely and wrongfully told that she failed the exam for exceeding the time allotted to take the exam.

c.   In the alternative, even if CZ required more time to take the final exam, her IEP specifically supports that accommodation: "Extra time to complete assignments/classwork/homework/tests/projects."

d.   IVCF intentionally refused to accommodate CZ's eye disabilities because it was on actual notice of her disabilities via her IEP, yet

failed to provide her with "enlarged test questions" or an alternative accommodation to ensure that CZ was tested and assessed on an equal basis with other students generally, at IVC, and in the Biology 3 class.

e.  IVCF thereby violated CZ's rights to be free from discrimination accorded by Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

### THIRD CAUSE OF ACTION
### VIOLATION OF CZ'S RIGHT TO SUBSTANTIVE DUE PROCESS UNDER THE FOURTEENTH AMENDMENT

27.  Substantive due process forbids IVCF and IVC from depriving CZ of her liberty or property rights, as an enrolled student of IVCF and IVC, to receive a fair grade in such a way that "shocks the conscience" or "interferes with the rights implicit in the concept of ordered liberty." 42 U.S.C. § 1983

28.  Plaintiffs allege that IVCF, IVC, DSPS, and its officials

a.  Were informed of CZ's eye disabilities, her long-standing IEP, and that she was a minor.

b.  Required CZ to use Software that does not accommodate eye disabilities and visual impairments.

c.  Prevented her from completing her final exam because she moved her face close to the computer screen for her to make up for the Software's inability to accommodate her eye disabilities and visual impairments.

d.  Constructively knew they violated the ADA and RA upon CZ's first communication to Kaufmann's official e-mail address.

e.  Actually knew they violated the ADA and RA upon her first substantive communication to DSPS on or about September 3, 2020.

f.  Instructed CZ on informal means to dispute her grade despite knowing that she had a limited time to file a formal grade grievance and without informing her of the grade grievance filing deadline.

g.  Stonewalled CZ's efforts to informally resolve her grade dispute by failing to check official e-mail addresses and giving her false and misleading information.

h.  Ran a sham investigation into her grade dispute resulting in the false reason for her failing grade—that she exceeded the time allotted to take the final exam—and informed her of the same to discourage and deter her from filing a formal grade grievance.

i.  Intentionally and maliciously caused CZ to run out the clock by unreasonably and unfairly misinforming and stonewalling her.

j.  Failed to extend CZ's deadline to file the grade grievance despite being able to as there is no policy preventing equitable extensions.

k.  Failed to define a grade grievance that leads reasonable students, including CZ, not to understand when the grade grievance policy applies to grade disputes or other lesser complaints.

l.  Were responsible for and able to guide her through the grade grievance policies and procedures, including deadlines, as they do for other students.

m. Permit themselves and their staff to violate federal and state laws as a matter of policy when they and their staff violate the ADA and RA but fail to remedy the violation despite being able to.

29.    Said actions and omissions by IVCF and IVC shock the conscience and interfere with the rights implicit in the concept of ordered liberty. Professional adults who are responsible for others' education and receive taxpayer funds to do the same should reasonably accommodate their students' needs, not delay and mislead their resolution, not take advantage of a minor's naïveté, and not allow an administrative deadline to deny CZ of fundamental fairness and her rights under the ADA and RA when IVCF and IVC took several actions to cause CZ to file her grade grievance after the deadline.

## PRAYER FOR RELIEF

Plaintiffs pray that the Court:

1. Enter a declaration that IVCF's and IVC's failure to accommodate CZ's disabilities violated her rights under the ADA and RA;

2. Issue preliminary and permanent injunctive relief requiring IVCF and IVC to strike and delete CZ's failing grade for Biology 3 from all her records and never communicate said grade to any person, business, school, or other institution;

3. Award general, special, consequential, and incidental damages according to proof;

4.  Award reasonable costs and expenses, including attorney's fees, pursuant

to the ADA, RA, and 42 U.S.C. § 1988; and

5.  Any such relief the Court deems just and equitable.

Dated: October 1, 2021                          LAW OFFICE OF JEROLD D. FRIEDMAN

                                                /s/ *Jerold D. Friedman*
                                                Jerold D. Friedman

                                                Attorney for Plaintiffs